**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALTEGRITY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10226 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 238** |

# NOTICE OF AMENDMENTS TO SCHEDULES OF ASSETS AND LIABILITIES OF HIRERIGHT, INC.

TO: THE PERSONS OR ENTITIES HOLDING CLAIMS LISTED ON THE AMENDMENT ATTACHED AS EXHIBIT A HERETO

**PLEASE TAKE NOTICE** that, pursuant to Rule 1009(a) of the Federal Rules of Bankruptcy Procedure and Rule 1009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, annexed hereto as Exhibit A is an amendment (the "**Amendment**") to Schedule F of the Schedules of Assets and Liabilities of HireRight, Inc. (the "**Amending Debtor**"), one of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**").

**PLEASE TAKE FURTHER NOTICE** that, consistent with the *Order (A) Establishing Bar Dates for Filing Proofs of Claim and (B) Approving the Form and Manner of*

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258). The location of the Debtors' corporate headquarters is 600 Third Avenue, 4th Floor, New York, NY 10016.

*Notice Thereof* (the "**Bar Date Order**")[2] [Docket No. 238], any person or entity listed in the Amendment **must file a proof of claim by 5:00 p.m. (prevailing Eastern Time) on September 28, 2015** (the "**Amendment Claims Deadline**") if such person or entity: (i) is listed in the Amendment as holding a Claim that is disputed, contingent, and/or unliquidated and such person or entity desires to participate in these chapter 11 cases or share in any distribution under the chapter 11 plan confirmed in these chapter 11 cases on account of such Claim; (ii) believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and desires to have its Claim allowed in a classification or amount other that identified in the Schedules; and (iii) believes that its Claim as listed in the Schedules is not an obligation of the specific Debtor against which the Claim is listed and desires to have its Claim allowed against a Debtor other than that identified in the Schedules.

**PLEASE TAKE FURTHER NOTICE** that any person or entity listed in the Amendment that is required to file a proof of claim, but that fails to do so by the Amendment Claims Deadline described in this Notice shall not be treated as a creditor with respect to such Claim for the purposes of distribution.

**NOTHING SET FORTH IN THIS NOTICE SHALL, OR SHALL BE DEEMED TO, EXTEND THE DEADLINE FOR THE PARTIES LISTED IN THE AMENDMENT TO FILE A CLAIM AGAINST ANY DEBTOR OTHER THAN THE AMENDING DEBTOR.**

**PLEASE TAKE FURTHER NOTICE** that you should review the notice attached hereto as Exhibit B that was transmitted to all creditors in connection with the establishment of the original general bar date in these cases regarding the process for submitting proofs of claim to the Court. A proof of claim form is also attached hereto as Exhibit C.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

## RESERVATION OF RIGHTS

The Debtors reserves the right to dispute, or to assert offsets or defenses against, the claim listed or reflected in the Amendment as to nature, amount, liability, classification or otherwise. Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any and all grounds.

Dated: Wilmington, Delaware
August 28, 2015

*/s/ Ryan M. Bartley*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Edmon L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: emorton@ycst.com
jbarry@ycst.com
rbartley@ycst.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz
Jasmine Ball
Craig A. Bruens
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836
Email: nlabovitz@debevoise.com
jball@debevoise.com
cabruens@debevoise.com

*Co-Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT A**

## **Amendment**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | ) | **Chapter 11** |
| **ALTEGRITY, INC., et al.,** | ) | **Case No. 15-10226 (LSS)** |
| **Debtors.** | ) | **Jointly Administered** |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**

**HIRERIGHT, INC.**

**Case No: 15-10241 (LSS)**

**HIRERIGHT, INC.**

**Case Number: 15-10241 (LSS)**

**Exhibit F-1**

**Accounts Payable**

| ID | Creditor's Name, Mailing Address Including Zip Code And Account Number | Date Claim Was Incurred. If Claim Is Subject To Setoff, So State | C | U | D | Amount of Claim |
|---|---|---|---|---|---|---|
| 30-F-01-122213 | ABM PARKING SERVICES<br>2 MERIDIAN CROSSINGS<br>RICHFIELD, MN 55423 | UNKNOWN | ☐ | ☐ | ☐ | $5,236 |
| 30-F-01-122204 | AMERICAN TRUCKING ASSOCIATIONS<br>2200 MILL ROAD<br>ALEXANDRIA, VA | UNKNOWN | ☐ | ☐ | ☐ | $27,083 |
| 30-F-01-122230 | AUTOMATIC DATA PROCESSING INC<br>1 ADP BLVD MS E342<br>ROSELAND, NJ | UNKNOWN | ☐ | ☐ | ☐ | $995 |
| 30-F-01-122222 | GLOBAL CROSSING TELECOMMUNICATIONS INC<br>225 KENNETH DRIVE<br>ROCHESTER, NY 14623 | UNKNOWN | ☐ | ☐ | ☐ | $1,808 |
| 30-F-01-122221 | PEOPLEADMIN, INC.<br>805 LAS CIMAS PARKWAY, ST 400<br>AUSTIN, TX | UNKNOWN | ☐ | ☐ | ☐ | $1,955 |
| 30-F-01-122220 | PERRY, KEVIN E<br>46 CORMORANT CIRCLE<br>NEWPORT BEACH, CA | UNKNOWN | ☐ | ☐ | ☐ | $2,000 |
| 30-F-01-122211 | REACHMAIL INC<br>208 SOUTH LASALLE STREET<br>SUITE 1427<br>CHICAGO, IL | UNKNOWN | ☐ | ☐ | ☐ | $5,557 |
| 30-F-01-122212 | UBM LLC<br>121 S TEJON ST<br>STE 1100<br>COLORADO SPRINGS, CO | UNKNOWN | ☐ | ☐ | ☐ | $5,345 |
| 30-F-01-122209 | ZIFF DAVIS<br>28 E 28TH ST<br>NEW YORK, NY | UNKNOWN | ☐ | ☐ | ☐ | $8,397 |
| | | | | | | $58,376 |

# EXHIBIT B

## Original Bar Date Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALTEGRITY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10226 (LSS)<br><br>Jointly Administered |

**NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM**

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ALTEGRITY, INC. OR ITS AFFILIATED DEBTORS.**

**PLEASE TAKE NOTICE** that, on February 8, 2015 (the "**Commencement Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A list of the Debtors may be found in Part IV of this notice.

**PLEASE ALSO TAKE NOTICE** that on March 20, 2015, the Court entered an order (the "**Bar Date Order**")[2] establishing **April 30, 2015 at 5:00 p.m. (prevailing Eastern Time)** as the deadline (the "**General Bar Date**") for each person or entity[3] other than a governmental unit[4] to

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258). The location of the Debtors' corporate headquarters is 7799 Leesburg Pike, Suite 1100 North, Falls Church, VA 22043.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

3 The term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons (including, without limitation, individuals, partnerships and corporations), estates, trusts, and governmental units.

file a proof of claim (a "**Proof of Claim**"). The Bar Date Order and the procedures for filing a Proof of Claim apply to all Claims,[5] against a Debtor that arose before February 8, 2015 (the "**Commencement Date**"), except as specifically excluded below.

**YOU ARE RECEIVING THIS NOTICE** because you may have a Claim against one or more of the Debtors. However, not everyone who receives this notice will have a Claim against a Debtor.

**THE COURT'S BAR DATE ORDER:**

- **ESTABLISHES THE DEADLINE TO FILE A PROOF OF CLAIM IN THESE CASES AS APRIL 30, 2015, AT 5:00 P.M. (PREVAILING EASTERN TIME).**
- **STATES THAT THE DEADLINE APPLIES TO ALL HOLDERS OF CLAIMS UNLESS THE BAR DATE ORDER PROVIDES A SPECIFIC EXEMPTION (DESCRIBED BELOW).**
- **STATES THAT, IF THE DEADLINE APPLIES TO YOU AND YOU FAIL TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE, YOU WILL NOT BE TREATED AS A CREDITOR WITH RESPECT TO YOUR CLAIM FOR THE PURPOSES OF VOTING ON ANY CHAPTER 11 PLAN OR RECEIVING ANY DISTRIBUTION FROM THE DEBTORS ON ACCOUNT OF YOUR CLAIM.**

**THIS NOTICE CONTAINS INFORMATION REGARDING (1) HOW TO DETERMINE IF THE PROOF OF CLAIM DEADLINE APPLIES TO YOU AND, IF SO, (2) HOW TO FILE A PROOF OF CLAIM.**

## I. WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a Proof of Claim if you have a Claim against any of the Debtors that arose on or before the Commencement Date, except for the types of Claims listed below. Acts or omissions that occurred on or before the Commencement Date may give rise to Claims that are subject to a Bar Date, even if the Claims may not have become known or fixed or liquidated until after February 8, 2015.

---

[4] The term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States, states, commonwealths, districts, territories, municipalities, foreign states, or departments, agencies or instrumentalities of the United States.

[5] As used herein, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## II. WHAT TO FILE

Enclosed with this notice is a form Proof of Claim for you to use.

For your filed Proof of Claim to be valid, it must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Commencement Date; (iii) conform substantially to the enclosed Proof of Claim form (or Official Bankruptcy Form No. 10, the official proof of claim form provided under the Bankruptcy Code);[6] (iv) specify the Debtor against which the Proof of Claim is filed (a list of the Debtors may be found in Part IV of this notice); (v) set forth with specificity the legal and factual basis for the alleged Claim; (vi) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; and (vii) be signed by you. In addition to the foregoing requirements, any Proof of Claim asserting a 503(b)(9) Claim must also (a) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Commencement Date, (b) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted and, (c) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable). Except as provided in Section VI.M(i) of this notice, If you have Claims against more than one Debtor, you must file a separate Proof of Claim against each Debtor.

## III. WHEN AND WHERE TO FILE

Proofs of Claim will be timely filed only if (a) the Proof of Claim is submitted electronically, on or before **April 30, 2015 at 5:00 p.m. (prevailing Eastern Time)**, by completing the Proof of Claim form that can be accessed at Prime Clerk's website at http://cases.primeclerk.com/altegrity or (b) the original Proof of Claim is mailed or delivered by first class U.S. Mail (postage prepaid), in person, by courier service or by overnight delivery so as to be **actually received** by Prime Clerk on or before **April 30, 2015 at 5:00 p.m. (prevailing Eastern Time)** at the following address:

Altegrity, Inc. Claims Processing
c/o Prime Clerk LLC
830 Third Avenue, 9th Floor
New York, NY 10022

If you wish to receive a complete as-filed copy of your Proof of Claim, you must enclose a stamped self-addressed envelope and a copy of your Proof of Claim.

**EXCEPT AS PERMITTED ABOVE WITH RESPECT TO ELECTRONIC SUBMISSION AT THE PRIME CLERK WEBSITE, PROOFS OF CLAIM SENT BY FACSIMILE, TELECOPY, ELECTRONIC MAIL OR OTHER FORM OF ELECTRONIC TRANSMISSION WILL NOT BE ACCEPTED.**

[6] Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the official website for the United States bankruptcy courts.

## IV. A LIST OF THE DEBTORS AND CERTAIN RELATED INFORMATION

| DEBTOR | CASE NUMBER | CERTAIN PRIOR NAMES OF THE DEBTOR |
|---|---|---|
| Altegrity, Inc. | 15-10226 | US Investigations Services, Inc. |
| Albatross Holding Company, LLC | 15-10227 | |
| Albatross Marketing and Trading, LLC | 15-10228 | |
| Altegrity Acquisition Corp. | 15-10229 | USIS Acquisition Corp. |
| Altegrity Holding Corp. | 15-10230 | US Investigations Services Holdings Corp.; USIS Holding Corp. |
| Altegrity Risk International LLC | 15-10231 | Altegrity Risk Consulting and Solutions, Inc.; Altegrity Risk International, Inc. |
| Altegrity Security Consulting, Inc. | 15-10232 | |
| CVM Solutions, LLC | 15-10234 | CVM DiversityQuest, LLC |
| D, D & C, Inc. | 15-10235 | |
| Engenium Corporation | 15-10236 | |
| FDC Acquisition, Inc. | 15-10237 | |
| HireRight Records Services, Inc. | 15-10238 | USIS Records Services, Inc.; Due Diligence, Inc. |
| HireRight Solutions, Inc. | 15-10239 | USIS Commercial Services, Inc.; Transportation Information Services, Inc. d/b/a DAC (Drive-A-Check) Services; Total Information Services, Inc. |
| HireRight Technologies Group, Inc. | 15-10240 | |
| HireRight, Inc. | 15-10241 | HireRight.com, Inc.; Dynanet, Inc.; Hamwindows, Inc.; California Software, Inc.; William T. Baker and Associates, Inc.; Nannycare, LA, Inc. |
| John D. Cohen, Inc. | 15-10242 | |
| KCMS, Inc. | 15-10243 | |
| KIA Holding, LLC | 15-10244 | KIA Holding, Inc. |
| Kroll Associates, Inc. | 15-10245 | Kroll Consulting, Inc.; Corporate Risk International, Inc.; J. Kroll Associates, Inc. |
| Kroll Background America, Inc. | 15-10246 | The Search Is On |
| Kroll Crisis Management Group, Inc. | 15-10247 | |
| Kroll Cyber Security, Inc. | 15-10248 | |
| Kroll Factual Data, Inc. | 15-10249 | Factual Data Corp. |
| Kroll Holdings, Inc. | 15-10250 | |
| Kroll Inc. | 15-10251 | Kroll Risk Consulting Services Inc. |
| Kroll Information Assurance, Inc. | 15-10252 | |
| Kroll Information Services, Inc. | 15-10253 | |
| Kroll International, Inc. | 15-10254 | |

| | | |
|---|---|---|
| Kroll Ontrack Inc. | 15-10255 | Ontrack Data International Inc.; Ontrack Computer Systems Inc. |
| Kroll Recovery LLC | 15-10256 | Kroll Talbot Hughes LLC |
| Kroll Security Group, Inc. | 15-10257 | Kroll Schiff & Associates, Inc. |
| National Diagnostics, Inc. | 15-10258 | |
| Ontrack Data Recovery, Inc. | 15-10259 | |
| Personnel Records International, LLC | 15-10260 | |
| The Official Information Company | 15-10261 | T/SF Communications Corporation |
| US Investigations Services, LLC | 15-10262 | |
| USIS International, Inc. | 15-10263 | The Smith Corporation |
| USIS Worldwide, Inc. | 15-10264 | |

## V. PERSONS AND ENTITIES WHO MUST FILE A PROOF OF CLAIM BY THE BAR DATE

Each of the following persons or entities that fails to file a Proof of Claim by the applicable Bar Date with respect to a Claim shall not be permitted to (a) vote to accept or reject any plan filed in these chapter 11 cases on account of such Claim or (b) participate in any distribution in these chapter 11 cases on account of such Claim:

A. any person or entity whose Claim against a Debtor is not listed in the Schedules or whose Claim is listed in the Schedules but is listed therein as disputed, contingent and/or unliquidated and who desires to participate in these chapter 11 cases or share in any distribution under any confirmed chapter 11 plan in these chapter 11 cases on account of such Claim;

B. any person or entity who believes that its Claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its Claim allowed in a classification or amount other than that identified in the Schedules; and

C. any person or entity who believes that its Claim as listed in the Schedules is not an obligation of the specific Debtor against which the Claim is listed and who desires to have its Claim allowed against a Debtor other than that identified in the Schedules.

## VI. WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

The following persons or entities **DO NOT** need to file a Proof of Claim:

A. any person or entity whose Claim is listed on the Schedules and (i) whose Claim is **not** described thereon as “disputed,” “contingent” or “unliquidated,” (ii) who does **not** dispute the amount or classification of the Claim set forth in the Schedules and (iii) who does **not** dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

B. any person or entity whose Claim has been paid in full;

C. current officers and directors of the Debtors asserting Claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

D. any direct or indirect non-debtor subsidiary or affiliate of the Debtors;

E. any Debtor having a Claim against another Debtor;

F. any person or entity holding a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

G. any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert Claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including Claims arising out of or relating to the sale, issuance or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

H. any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense, <u>except</u> that any holder of a 503(b)(9) Claim must file a Proof of Claim on or before the General Bar Date;

I. any holder of a Claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

J. any holder of a Claim for which a separate deadline for filing a Proof of Claim is fixed by an order of the Court;

K. any holder of a Claim who has already properly filed a Proof of Claim with Prime Clerk or the Clerk of the Court on account of such Claim, utilizing a Claim form that substantially conforms to the enclosed Proof of Claim form or Official Form 10;

L. the Prepetition First Lien Agents, the Prepetition Second Lien Notes Agents, the Prepetition Third Lien Notes Agents and any Senior Priority Holder (each as defined in the *Final Order (A) Authorizing Postpetition Secured Financing, (B) Granting Liens and Superpriority Claims, (C) Authorizing the Use of Cash Collateral, and (D) Granting Adequate Protection* (the "**Final DIP Order**") [Docket No. 207]) on account of any Claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges (a "**Debt Claim**") in respect of the Prepetition Secured Obligations (as defined in the Final DIP Order) or any Claim allowed pursuant to the Final DIP Order; <u>except</u> that, if any of the Prepetition First Lien Agents, the Prepetition Second Lien Notes

Agents or the Prepetition Third Lien Notes Agents wishes to assert any Claim besides a Debt Claim, including any litigation Claim, arising out of or relating to the Prepetition Secured Obligations, such entity MUST file a Proof of Claim by the General Bar Date; and

M. any holder of a Debt Claim owed under any bond or note issued by the Debtors pursuant to an indenture (a "**Debt Instrument**"); except, (i) subject to section (L) above, an indenture trustee under a Debt Instrument MUST file one Proof of Claim by the General Bar Date with respect to all of the amounts owed under each of the Debt Instruments, and such Proof of Claim shall be deemed to be asserted by the indenture trustee against every Debtor that is liable for the Debt Claim so long as the Proof of Claim sets forth in reasonable detail the basis and amount of the claim asserted against each Debtor, and (ii) any holder of a Debt Claim wishing to assert any Claim besides a Debt Claim, including any litigation Claim, arising out of or relating to a Debt Instrument, MUST submit a Proof of Claim by the General Bar Date.

Nothing herein or in the Bar Date Order, including paragraphs 9(l)–(m) of the Bar Date Order, shall prejudice the rights of the Prepetition First Lien Agents or any Senior Priority Holder from asserting a Claim at any time on account of Senior Priority Obligations for amounts owed under section 2.12 of the Prepetition Credit Agreement or section 602 of the First Lien Indenture. Nothing herein or in the Bar Date Order shall limit or be deemed to limit the allowance of any and all Claims arising under or related to the Senior Priority Documents pursuant to the Final DIP Order.

## VII. SPECIAL DEADLINES APPLY TO GOVERNMENT ENTITIES

The last date and time for governmental units to file a Proof of Claim on account of a Claim against the Debtors is **August 7, 2015 at 5:00 p.m. (prevailing Eastern Time)**.

## VIII. SPECIAL DEADLINES APPLY TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Bankruptcy Code provides that the Debtors may, at any time before a plan of reorganization is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a Claim resulting from that rejection (a "**Rejection Damage Claim**"). If the Debtors reject your contract or lease after February 8, 2015, you must file a Proof of Claim for your Rejection Damage Claim by **the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days following the entry of the order approving such rejection**. The deadline for filing a Rejection Damage Claim does not extend the deadline for filing a Claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to any executory contract or unexpired lease (other than a Rejection Damage Claim), unless an exception identified herein applies, and a Proof of Claim for such amounts must be filed on or before the applicable Bar Date or you will not be treated as a creditor with respect to your Claim for the purposes of voting and distribution.

## IX. EXAMINATION OF SCHEDULES

Your Claim may be listed in the Debtors' Schedules. The Debtors' Schedules may be examined and inspected by interested parties during regular business hours at any of (a) the offices of Debevoise & Plimpton LLP, New York, New York 10022 or (b) the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 or (c) the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. All documents filed in the cases, including the Debtors' Schedules and the Bar Date Order, also are available free of charge online at https://cases.primeclerk.com/Altegrity or for a fee at the Court's internet site: http://www.deb.uscourts.gov through an account obtained from the PACER website at http://pacer.psc.uscourts.gov.

If the Debtors amend their Schedules, the Debtors will notify all holders of the Claims that are affected by the amendment. Those holders will have an opportunity to file Proofs of Claim before a new deadline that will be specified in that future notice.

## X. ACCESS TO PROOF OF CLAIM FORMS AND OTHER QUESTIONS

Additional information regarding the Bar Date, including Proof of Claim forms and a copy of the Bar Date Order, may be obtained by contacting the Debtors' notice and claims agent, Prime Clerk, by writing to 830 Third Avenue, 9th Floor, New York, New York 10022 or by telephone at **(855) 842-4125**. Proof of Claim forms also may be obtained at Prime Clerk's website at https://cases.primeclerk.com/Altegrity or at the Court's website at www.uscourts.gov/bankform.

**Please note that Prime Clerk's staff is not permitted to give legal advice. You should consult with your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Edmon L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 576-2615
Fax: (302) 571-1253

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz
Jasmine Ball
Craig A. Bruens
919 Third Avenue
New York, New York 10022
Tel: (212) 909-8979
Fax: (212) 909-6836

*Co-Counsel to the Debtors and Debtors in Possession*

# EXHIBIT C

## Proof of Claim Form

**UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE**

**PROOF OF CLAIM**

List the **name** and **case number** of the Debtor against which you assert a claim below. **(List only one Debtor per claim form.)**

Note: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after commencement of the case. A request for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

❒ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

Telephone number: email:

**Court Claim Number:** _______

(*If known*)

Filed on:_____________________

Name and address where payment should be sent (if different from above):

Telephone number: email:

❒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $______________________________

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** ______________________________________________

(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|---|
| ___ ___ ___ ___ | ____________________ (See instruction #3a) | ____________________ (See instruction #3b) |

**4. Secured Claim** (See instruction #4)

Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❒Real Estate ❒Motor Vehicle ❒Other

**Describe:**

**Value of Property: $**_______________ **Annual Interest Rate**______________**%** ❒Fixed ❒Variable

**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $**_________________ **Basis for perfection:** _____________________________

**Amount of Secured Claim: $**_______________________ **Amount Unsecured: $**____________________________

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

**$**__________________________________ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents**: Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itermized statements of running accounts, contracts, mortgages, or security agreements. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❒ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❒ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

❒ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❒ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❒ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8).

❒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$______________________

* *Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**9. Signature:** (See instruction #9)

Check the appropriate box.

❒ I am the creditor. ❒ I am the creditor's authorized agent. ❒ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ❒ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:_________________________________

Title: _____________________________________ ____________________________________________

Company: __________________________________ (Signature) (Date)

Address and telephone number (if different from notice address above):

_______________________________________________________________

_______________________________________________________________

Telephone number: Email:

**COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**:
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, please enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/altegrity.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Altegrity Claims Processing Center
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

**Questions about this form should be directed to Prime Clerk LLC at (855) 842-4125.**